# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2012

No. 11-50990
Summary Calendar

Lyle W. Cayce
Clerk

KIRK H. SMITH,

Plaintiff - Appellee

v.

STEVEN SMITH, Police Officer, Badge #1459, Individually and in his official capacity as a Police Officer with the City of El Paso Police Department; JOEL HOYER, Sergeant, Badge #1573, Individually and in his official capacity as a Police Officer with the City of El Paso Police Department; FRANCISCO P. NUNEZ, JR., Sergeant, Badge #1584, Individually and in his official capacity as a Police Officer with the City of El Paso Police Department; CRUZ MORALES, Police Officer, Badge #2457, Individually and in his official capacity as a Police Officer with the City of El Paso Police Department; MICHAEL CORTEZ, Police Officer, Badge #2244, Individually and in his official capacity as a Police Officer with the City of El Paso Police Department,

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas, El Paso
USDC No. 3:08-CV-147

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

No. 11-50990

Police officers appeal the denial of their motion for summary judgment, on the grounds of qualified immunity.  Because this appeal turns on a factual dispute we DISMISS for lack of jurisdiction.

I.

On May 2, 2006, the El Paso Police Department deployed police officers to Kirk Smith's home after learning that Smith had menaced a pizza delivery person.  When officers knocked on Smith's door, he appeared at a front window to the home with a flashlight and a gun.  One of the officers acted as if he were going to shoot Smith until other officers moved into the potential line of fire.  The officers yelled through the door, instructing Smith to put the gun away and come outside.  Smith put his gun away, but refused to exit his home for some time.

Smith eventually exited his home carrying a can in one hand.  As he walked out of his home, he stooped down to pick something up off of the ground, at which point the officers shot him with bean bag guns.  Smith sustained injuries for which he received treatment at a hospital.

On April 30, 2008, Smith filed the instant action under 42 U.S.C. § 1983 in the United States District Court for the Western District of Texas.  His complaint asserts that the officers violated his Fourth Amendment right to be free from unreasonable search and seizure and excessive force.  The officers moved for summary judgment, arguing that they were entitled to qualified immunity.  The district court, citing numerous discrepancies in the parties' respective factual accounts of the incident, denied the motion.  The officers appeal.

---

R. 47.5.4.

2

No. 11-50990

## II.

### A.

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). On interlocutory appeals of orders denying qualified immunity, we have jurisdiction to decide only whether the facts assumed by the district court evince reasonableness on the part of the government officials, not whether those facts are supported in the summary judgment record. *Brown v. Strain*, 663 F.3d 245, 249-50 (5th Cir. 2011).

Cognizant of this limitation on our jurisdiction, the officers go to great lengths to justify why this appeal concerns the legal significance of the disputed facts, and not whether those facts are supported in the record. We are unconvinced.

The thrust of the officers' argument on appeal is that firing bean bags at Smith was reasonable because the officers reasonably believed at the time that Smith was holding a gun, not a can. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). As the officers concede, however, the reasonableness of that belief depends on how clearly Smith displayed his hands and how cooperative Smith was with the officers' instructions as Smith was exiting his home. The district court determined that these facts—the clarity with which Smith displayed his hands and the extent of his cooperation with the officers's instructions—were

No. 11-50990

disputed.[1]  We lack jurisdiction to review that critical determination.  *Brown*, 663 F.3d at 249-50.

## B.

The appellant officers also argue that appellants Joel Hoyer and Steven Smith cannot be liable because they did not participate in the bean bag shooting and were not in the immediate vicinity where the shooting occurred.  This argument, which is absent from the officers' motion for summary judgment, is raised for the first time on appeal.  Accordingly, we will not consider it.  *See Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 380-81 (5th Cir. 2012).

## III.

For the foregoing reasons, we lack jurisdiction over this interlocutory appeal.

DISMISSED.

---

[1] The district court's order states that Victor Vela, who is no longer a party to this action, could see that Smith held "a can in one hand and nothing in the other."  In other words, there is record evidence that Smith's hands were clearly displayed.  The court's order also states that the record is unclear on "whether Plaintiff was in fact resistant to law enforcement," meaning there is some suggestion in the record that Smith cooperated with the officers' instructions.